**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JN MICHELY CHARLES, | No.    18-70549 |
| Petitioner, | Agency No. A209-141-719 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019[**]

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Jn Michely Charles, a native and citizen of Haiti, petitions pro se for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies regarding whether Charles experienced harm or feared harm in Haiti and Brazil, as well as a misrepresentation to Mexican immigration officials regarding his country of origin. *See id.* at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). Charles's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Charles's asylum and withholding of removal claims fail. *See Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

Charles's CAT claim also fails because it is based on the same testimony that the agency found not credible, and Charles does not point to any other evidence that compels the conclusion that it is more likely than not he would be

18-70549

tortured by or with the consent or acquiescence of the government of Haiti or Brazil. *See id.*

We lack jurisdiction to consider Charles's contentions regarding eligibility for relief under the Nicaraguan Adjustment and Central American Relief Act and the Haitian Refugee Immigration Fairness Act because he did not raise them to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**